IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CARNELL AGNEW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 319-012 |
| | ) |
| LINTON DELOACH, Warden, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

**I.  BACKGROUND**

On November 1, 1995, a jury sitting in the Superior Court of Laurens County convicted Petitioner of malice murder and felony murder with the underlying felony of aggravated assault.  Agnew v. State, 481 S.E.2d 516, 517 (Ga. 1997); see also doc. no. 1, p. 2.  At sentencing, the trial court merged the murder convictions and sentenced Petitioner to life in prison for malice murder, to be served consecutive to any other sentence being served.  Agnew, 481 S.E.2d at 517 n.1.  Petitioner explains he had already pleaded guilty to the aggravated assault prior to the murder indictment.  (Doc. no. 1, p. 2.)  The Georgia Supreme

Court affirmed Petitioner's judgment of conviction and sentence on March 3, 1997. Agnew, 481 S.E.2d at 518.

Petitioner reports he next sought post-conviction relief in April of 2017, raising claims of ineffective assistance of trial and appellate counsel, prosecutorial and judicial misconduct, and newly discovered evidence. Petitioner states the 2017 case was transferred from the Superior Court of Laurens County, to the Georgia Court of Appeals, to the Georgia Supreme Court, only to have the case dismissed because Petitioner had not filed a habeas corpus petition. (Id. at 3; see also Agnew v. State, S18A0248 (Ga. Oct. 16, 2017).) Petitioner filed a state habeas corpus petition in Tattnall County in December 2017, but it was denied. (Doc. no. 1, p. 3.) The Georgia Supreme Court denied a Certificate of Probable Cause to Appeal. (Id.; see also Agnew v. State, S18H0925 (Ga. Nov. 15, 2018).)

Petitioner executed the instant federal habeas corpus petition on December 12, 2018, and he originally filed it in the Middle District of Georgia. (Doc. no. 1, p. 7.) United States District Judge Marc T. Treadwell transferred the petition to the Southern District of Georgia because Petitioner challenges convictions obtained in the Superior Court of Laurens County. (Doc. no. 4.) Petitioner claims he received ineffective assistance of trial counsel for several reasons, including failing to (i) inform Petitioner of his right to have a fair trial and obtain a psychological evaluation, (ii) raise to raise a double jeopardy claim, and, (iii) recognize prosecutorial and police misconduct based on the use of an allegedly false affidavit and false expert testimony. (Id. at 5.) Petitioner asserts he received ineffective assistance of appellate counsel for failing to raise the ineffective assistance allegedly provided by trial counsel. (Id.) Petitioner also claims he is entitled to relief because the trial judge did not rule in his favor

on the motion filed in 2017, and because the state habeas court judge denied his petition in 2018. (Id. at 6.)

**II.    DISCUSSION**

**A.    The Petition Is Time-Barred**

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, the Georgia Supreme Court affirmed Petitioner's conviction on March 3, 1997. Agnew, 481 S.E.2d at 518. Petitioner does not report seeking a writ of certiorari from the United States Supreme Court, and his conviction therefore became final ninety days later in June of 1997, when the time

for seeking review by the United States Supreme Court expired.[1]  See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012); Jimenez v. Quarterman, 555 U.S. 113, 119-21 (2009).

Petitioner then had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period.  The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court.  Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).  Petitioner states he did not file any request for post-conviction relief, upon conclusion of his direct appeal in 1997, until April of 2017.  (Doc. no. 1, p. 3.)  Therefore, the one-year limitations period for filing a federal petition had already expired by the time he filed for relief in the state courts in 2017, meaning that no time period remained to be tolled.  See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll.  A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).  Thus, the instant petition filed in December of 2018, over ten years after his convictions became final in June of 1997, is untimely.

**B.     The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.**

AEDPA describes three situations which may delay or reset its one-year statute of limitations:  (1) a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) the State has created

---

[1] Rule 13.1 of the Rules of the Supreme Court of the United States provides that a petition for a writ of certiorari to review a criminal judgment entered by a state court of last resort must be filed within 90 days after entry of judgment.

some "impediment" to filing the application; or (3) the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections.

Petitioner does not mention an impediment to filing or a newly recognized right, but he does say his 2017 filing was based on "newly discovered evidence." (Doc. no. 1, pp. 3, 4.) Petitioner does not state with any particularity what the factual basis of his newly discovered evidence is, or when he discovered it. Indeed, all of the errors he raises in his federal petition concern alleged ineffective assistance during his trial and appeal.

Petitioner mentions a "false affidavit," (id. at 4), but he offers no details of what was in the affidavit, who made the allegedly false statements, or how it was used to obtain Petitioner's conviction. Petitioner also alleges a jailhouse lawyer helped him to discover - at some unknown point after his incarceration - that Petitioner's murder victim died of some reason unrelated to the aggravated assault underlying Petitioner's malice murder conviction. Not only does Petitioner fail to explain how he uncovered this supposed new cause of death or provide any support for his claim, but the fact that the victim died several months after Petitioner assaulted him was known at the time of trial. See Agnew, 481 S.E.2d at 517. Thus, the Court concludes that there is no basis for statutory tolling of AEDPA's one-year statute of limitations as to any of Petitioner's claims.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the

application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (*per curiam*) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined

category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 569 U.S. at 394-95 (emphasis added).

Here, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition, or that he had been pursuing his rights diligently during the approximately ten years between when his conviction became final and when he started seeking collateral relief in the state courts in 2017.  Nor has he presented any evidence, much less new, reliable evidence, to show he did not commit the offense of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt.  Rather, Petitioner mentions a "false affidavit" and a new cause of death for the victim without providing any detail to substantiate his conclusory allegations.  Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of January, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA